Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1063 | **DATE** | 3/22/2002 |
| **CASE TITLE** | Andre Ferguson vs. Cook County Jail | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ferguson's Rule 60(b) motion for relief is denied. (7-1) This Court sua sponte amends the Order pursuant to Rule 60(b)(1) by granting Ferguson's Application to Proceed without prepayment of the $150 filing fee. Ferguson is directed to obtain and to file on or before April 19 trust fund accounts for the entire period July 25, 2001 through January 25, 2002.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAR 26 2002 date docketed | 8 |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | 3/25/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | | | | |
| SN | courtroom deputy's initials | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 2 6 2002

ANDRE FERGUSON, )
)
Plaintiff, )
)
v. ) No. 02 C 1063
)
COOK COUNTY JAIL, )
)
Defendant. )

MEMORANDUM OPINION AND ORDER

This Court's February 20, 2002 memorandum order ("Order") stated the reasons for, and therefore directed, the without-prejudice dismissal of this action. But apart from that required dismissal, the Order also sought to be especially helpful in identifying for pro se litigant Andre Ferguson ("Ferguson") a host of problems posed by his then submitted, but incomplete, attempted 42 U.S.C. §1983 ("Section 1983") Complaint ("Complaint I"), which was based on the unhappy conditions to which he had assertedly been subjected while he was a pretrial detainee at the Cook County Jail.

Now, despite the detailed information and suggestions that this Court had given to Ferguson in the Order, he has tried again with another multi-defective form of Complaint ("Complaint II"), to which he has affixed the same case number, accompanied by an Application To Proceed Without Prepayment of Fees ("Application"). Because of Ferguson's numbering of that new filing and because its timing is beyond the short time period



specified by Fed. R. Civ. P. ("Rule") 59(e), it will be treated as a Rule 60(b) motion for relief from the earlier dismissal. Before this opinion turns to reminding Ferguson again of defects that were referred to in the Order but that he has ignored in his more recent filing, this Court will address the reasons for denying his Rule 60(b) motion as well as its financial consequences for Ferguson.

When Complaint II arrived in chambers, it still left a number of relevant questions unanswered. But just as this Court was in the process of preparing a memorandum order to let Ferguson know about those matters (while at the same time explaining why Complaint II did not justify the revival of this already-dismissed action), still another complaint ("Complaint III," which names Jessie "Ma" Houston as defendant) came in by mail. That new filing, which is dealt with in part at the end of this opinion, has also provided some answers that enable this Court to address Complaint II with finality and, to a partial extent, Complaint III.

As the Order had pointed out, the address information that Ferguson had included in Complaint I did not make clear whether he qualifies as a "prisoner" so as to trigger the applicability of portions of the Prison Litigation Reform Act ("Act"). Although Complaint II also did not speak to that question in so many words, its Paragraph I.D does refer to Ferguson's current

2

address, "Joshua House," as his "[p]lace of present confinement." And relatedly, Complaint III ¶5 has revealed that Ferguson has been and is now continuing his state court custodial sentence, now by transfer to a halfway house.

That being the case, it is plain (as it was not before) that Ferguson is and has been a "prisoner" for purposes of the Act, so as to have been subject to 28 U.S.C. §1915 ("Section 1915") from the outset. Accordingly this Court sua sponte amends the Order pursuant to Rule 60(b)(1) by granting Ferguson's Application to proceed without <u>prepayment</u> of the entire $150 filing fee (see Section 1915(a)(1)), although he is now liable under Section 1915(b)(1) to pay that full fee in future installments. For that purpose Ferguson is ordered to obtain and to file in this Court's chambers, on or before April 19, 2002, duplicate copies reflecting all transactions in his trust fund accounts for the entire period beginning not later than July 25, 2001 and extending at least through January 25, 2002 (see Section 1915(a)(2)), such statements to be obtained from all institutions where Ferguson was confined during that period.[1] This Court can then calculate the required initial partial payment that Ferguson must pay, as well as providing for further payments on account of

---

[1] Ferguson is advised that until he complies with the order just set out in the text, no filing of any other lawsuit on his part will be entertained unless he is under imminent danger of serious physical injury (a concept that has been drawn from the differently applicable provision of Section 1915(g)).

the filing fee (see Section 1915(b)(1) and (2)).

Because Complaint I and Complaint II seek to advance the same Section 1983 claim, this opinion also reconfirms the dismissal of this action by reason of Ferguson's failure to have complied with the precondition established by Congress in 42 U.S.C. §1997e(a), under which no action such as this (complaining of prison conditions) may be brought "until such administrative remedies as are available are exhausted." In that respect Complaint ¶II asserts that no grievance procedure was available at the County Jail. That is simply not true, and despite the generous reading that is commanded for pro se pleadings by <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam) this Court is not required to accept Ferguson's mistaken statement.

It is of course possible that Ferguson may want to try again in the future if he is able to overcome that threshold hurdle of administrative exhaustion. Because of that possibility, this Court will again go above and beyond the line of duty by reminding Ferguson of matters referred to in the Order but simply ignored by his latest submissions:

    1. As Order at 2-3 pointed out, "Cook County Jail" is not a proper defendant in a Section 1983 action (or in any other kind of lawsuit, for that matter). If Ferguson wanted to try again, he would have to list individual Section 1983 defendants rather than the nonsuable County Jail. And in

that respect, Ferguson is further advised that he cannot sue supervisory people simply on the basis that they somehow have legal responsibility for things that have been done (or not done) by others under their supervision--instead some <u>direct</u> involvement of each defendant is required.

2. Despite what Order at 3 expressly told Ferguson, he has tendered <u>only</u> an original form of Complaint II. Once more he is advised that if he does try again, any new Complaint must be filed in enough counterparts to provide (a) an original for the District Court's file, (b) a copy for the Judge's chambers and (c) one copy for service on each defendant.

Finally, this opinion turns to Complaint III. Ferguson obviously appears to think that Case No. 02 C 1063 is an all-purpose receptacle, capable of receiving any additional content that Ferguson may seek to pour into it. Not so. Although Complaint II may fairly be treated as an attempted continuation of Complaint I, because it charges the same claimed violation of Ferguson's constitutional rights, that is clearly not the case as to the wholly independent claim that he has set out in Complaint III. For that reason this Court has caused Complaint III to be assigned a new case number, 02 C 2077, and a separate memorandum order is being issued contemporaneously in

conjunction with that new action.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 22, 2002